**12 CIV 4726**

Joseph J. Sullivan III (JS 1889)
Sheindlin & Sullivan, LLP
123 Seventh Avenue, Suite 162
Brooklyn, NY 11215
(646) 233-1178

Attorneys for Plaintiff
OPPENHEIMER & CO., INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OPPENHEIMER & CO. INC.,

    Plaintiff,

  v.

TRANS ENERGY, INC., and
AMERICAN SHALE DEVELOPMENT, INC.,

    Defendants.
-------------------------------------------------------------x

Docket No.: 12 CIV 4726 (JF)
ECF CASE
**COMPLAINT**

    Plaintiff OPPENHEIMER & CO. INC. ("Opco") by its attorneys, Sheindlin & Sullivan, LLP, alleges for its Complaint, the following:

### NATURE OF THE ACTION

  1.  This action arises out of Trans Energy, Inc.'s (hereinafter "TE") and American Shale Development, Inc.'s (hereinafter "American Shale") breach of a contract between the parties.

  2.  On or about July 22, 2011, Opco and TE entered into a letter agreement (the "July 22, 2011 Letter Agreement") (a copy of the July 22, 2011 Letter Agreement is attached as Exhibit A) pursuant to which TE "engaged [Opco] on an exclusive basis as its financial advisor, investment banker, placement agent and/or arranger with respect to one or more possible Sale(s) and/or Financing(s) . . . and with respect to such other financial matters as

1

to which [TE] and [Opco] may agree in writing during the term of this engagement." See Exhibit A at p. 1. According to the terms of the July 22, 2011 Letter Agreement, Opco's compensation for services rendered to TE includes "3.0% of the gross proceeds of any convertible debt or equity linked securities or obligations issued" to TE or any entity, such as American Shale, created by TE to consummate a financing transaction. See Exhibit A at p. 1 and at § (d)(ii) of the section entitled "Compensation."

3. On April 26, 2012, TE's newly created wholly-owned subsidiary, American Shale, consummated a $50 million credit facility coupled with a warrant for the lender to acquire 19.5% of American Shale. The financing package was an "equity linked . . . obligation." See Exhibit A at § (d)(ii) of the section entitled "Compensation." Accordingly, Opco was entitled to a fee of $1.5 million, which represents 3.0% of $50 million.

4. On May 1, 2012, TE made a partial payment of $625,000.00, leaving an unpaid balance of $875,000.00 owed by TE and American Shale. In addition, TE and American Shale owe Opco an additional $40.77 in reimbursable expenses. Opco has previously demanded payment of the outstanding amount of $875,040.77.

## PARTIES

5. Opco is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the County of New York, State of New York.

6. Upon information and belief, TE is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in the County of Pleasants, West Virginia.

7. Upon information and belief, American Shale is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the County of Pleasants, West Virginia.

## JURISDICTION, VENUE, AND GOVERNING LAW

8. Jurisdiction in this action arises under 28 U.S.C. § 1332 in that the action is between a citizen of a state and a citizen of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue in this action is proper under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events . . . giving rise to the claim" occurred in this judicial district.

10. TE also agreed to the jurisdiction of any Federal Court sitting in New York. According to the section of the Letter Agreement entitled "*Miscellaneous*,"

> The validity, interpretation and enforcement of this letter agreement (or Annex A) or its making, performance or breach, and/or related matters will be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be fully performed therein. The Company irrevocably and unconditionally submits to the exclusive jurisdiction of any State or Federal Court sitting in New York over any action, suit or proceeding arising out of or relating to this letter agreement."

See Exhibit A at p. 9.

## BACKGROUND

11. On or about June 18, 2010, Opco entered into a letter agreement with TE (the "June 18, 2010 Letter Agreement"), an independent energy exploration and development company with its primary focus on exploitation of the Marcellus Shale.

12. According to the June 18, 2010 Letter Agreement, TE engaged Opco "on an exclusive basis as its financial advisor, investment banker, placement agent and/or arranger

3

with respect to a possible Restructuring, Sale and/or Financing . . . , and with respect to such other financial matters as to which [TE] and Opco may agree in writing during the terms of this engagement."

13. Initially, Opco was retained to, among other things, assist TE in refinancing a loan on which it had defaulted.

14. In July 2011, Opco entered into a second letter agreement with TE, the July 22, 2011 Letter Agreement. Under the terms of the July 22, 2011 Letter Agreement, TE, defined as the "Company," included "any affiliates of [TE] and any entity that [TE] or its affiliates may form or invest in to consummate a Transaction . . . and shall also include any successor to or assignee of all or a portion of the assets and/or businesses of [TE]." See Exhibit A at p. 1.

15. On or about February 22, 2012, TE incorporated American Shale, a wholly owned subsidiary of TE, in order to transfer assets to American Shale and enter into a financing transaction.

16. On April 26, 2012, American Shale closed a financing which included a Credit Agreement by and among American Shale, several banks and other financial institutions or entities, and Chambers Energy Management, L.P. ("Chambers Energy") and a related warrant. As a result, under the terms of the July 22, 2011 Letter Agreement, Opco earned a fee of $1.5 million, representing 3% of the $50 million "equity linked . . . obligation" that American Shale entered into with Chambers Energy and that TE guaranteed.

17. Prior to the closing, on April 25, 2012, Opco reminded TE that it owed Opco a $1.5 million fee and not the $625,000.00 that TE claimed that Opco was owed (a copy of

4

the April 25, 2012 letter from Wade Dougherty, Esq. to John G. Corp., President of TE is attached as Exhibit B).

18. After the April 26, 2012 closing, Opco demanded that TE pay it $875,040.77, representing the difference between the $1.5 million that Opco earned as a fee under the terms of the July 22, 2011 Letter Agreement and the $625,000.00 fee that TE paid Opco, plus an additional $40.77 in reimbursable expenses (a copy of the April 27, 2012 letter from John T. McGuire, Esq. to John G. Corp. is attached as Exhibit C).

19. On May 30, 2012, Opco demanded that TE pay it $875,040.77 within ten days (a copy of the May 30, 2012 letter from Joseph Sullivan to Odean L. Volker is attached as Exhibit D).

20. Opco has not received either a written response to the above-referenced demand letters or payment of the above amount demanded.

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

21. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 20 herein with the same force and effect as if set forth at length hereat.

22. Under the terms of the July 22, 2011 Letter Agreement between Plaintiff Opco and Defendant TE, Plaintiff Opco agreed to act as TE's and American Shale's financial advisor, investment banker, placement agent and/or arranger with respect to possible financial transactions for TE and American Shale.

23. TE and American Shale, agreed to pay Opco 3.0% of the gross proceeds of any "equity linked . . . obligations issued" by any entity, such as American Shale, formed or invested in to consummate a financing transaction.

24. On April 26, 2012, American Shale consummated a $50 million credit facility, which included an "equity linked" obligation.

25. Accordingly, TE and American Shale owe Opco 3% of $50 million or $1.5 million, plus an additional $40.77 in reimbursable expenses.

26. In response to Opco's demands for a fee of $1.5 million plus $40.77, TE paid Opco $625,000.00.

27. As a direct and proximate result of TE and American Shale's breach of the July 22, 2011 Letter Agreement, Plaintiff Opco has been damaged in an amount no less than $875,040.77.

### SECOND CLAIM FOR RELIEF
### QUANTUM MERUIT

28. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 27 herein with the same force and effect as if set forth at length hereat.

29. Plaintiff Opco acted as the financial advisor, investment banker, placement agent and/or arranger with respect to possible financing transactions for TE and American Shale in good faith.

30. Defendants TE and American Shale accepted Opco's services and consummated a $50 million credit facility with an "equity linked . . . obligation."

31. Opco reasonably expected to be paid $1.5 million for its services with regard to the $50 million credit facility with an "equity linked . . . obligation" and to be reimbursed an additional $40.77 in expenses.

32. Defendants TE and American Shale paid Opco $625,000.00 for the above-referenced financing.

6

33. As a direct and proximate result of TE and American Shale's failure to pay Opco the reasonable value of its services, Plaintiff Opco has been damaged in an amount no less than $875,040.77.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

A. Actual and compensatory damages, in an amount to be proven at trial, but no less than $875,040.77;

B. Awarding Plaintiff pre- and post-judgment interest at the highest rate allowed by law;

C. Awarding Plaintiff its costs, disbursements, and attorneys' fees incurred in prosecution of this action; and

D. Granting Plaintiff such other and further demand as the Court deems just and proper.

Dated: Brooklyn, New York
       June 15, 2012

Joseph J. Sullivan III (JS-1889)
SHEINDLIN & SULLIVAN, LLP
123 SEVENTH AVENUE, SUITE 162
BROOKLYN, NY 11215
(646) 233-1178 Telephone
(212) 202-4378 Facsimile
js@sheindlinsullivan.com Email

7